## Ben Salmon v. The State.

### No. 4034.  Decided June 2, 1909.

**1.—Cotton Futures—Charge of Court—Weight of Evidence.**

Where upon trial of unlawfully dealing in cotton futures, the purchaser testified that he did not expect an actual delivery, but bought for speculation, and the defendant testified that the sale contemplated actual delivery of the cotton, the court erred in charging the jury that the guilt of the defendant depended upon the understanding and construction of the contract placed upon it by the purchaser.

**2.—Same—Contract Outside of the State.**

Under article 377, Penal Code, it is required that the accused must conduct or carry on a business where future contracts are bought and sold in this State; and where the evidence showed that a defendant received offers for the sale and purchase of cotton, and conveyed these offers to parties outside of the State of Texas where they were accepted and the sale or purchase was made there, he was not guilty of any violation of the law; and where the evidence presented this issue the court should have submitted a requested instruction thereon.  Following Scales v. State, 46 Texas Crim. Rep., 296.

**3.—Same.**

See opinion for remarks that the Act of the Thirtieth Legislature may be broad enough to make the transaction an offense.

Appeal from the County Court of Delta.  Tried below before the Hon. Jno. L. Ratliff.

Appeal from a conviction of unlawfully selling cotton figures; penalty, a fine of $100 and thirty days confinement in the county jail.

The opinion states the case.

*J. L. Young,* for appellant.—Cited Goldstein v. State, 36 Texas Crim. Rep., 193; Cothran v. State, 36 Texas Crim. Rep., 196; Drouilhet v. Pinckard, 42 S. W. Rep., 135; Scales v. State, 46 Texas Crim. Rep., 296.

*F. J. McCord,* Assistant Attorney-General, for the State.—Cited Fullerton v. State, 75 S. W. Rep., 534; Oliphant v. Markham, 79 Texas, 543.

RAMSEY, Judge.—Appellant appeals from a conviction had in the County Court of Delta County on November 24, 1906, on a charge preferred against him of conducting in said county, as the agent and representative of C. P. Hunt, a business as a dealer in futures.  The information alleged a sale made by appellant to one J. P. Moore and one C. B. Anderson, with the understanding that there should be no actual bona fide delivery of the articles so contracted for and stipulated to be bought and sold.

The testimony is quite brief, and consists of the evidence of Anderson, who testified that he and Moore bought twenty-five bales of January cotton; that he did not know whose agent appellant was at the other end of the line, but that he was the agent of Moore and himself

to make the contract; that they did not buy the cotton expecting delivery, but bought it for speculation, and that they never received any cotton, and did not buy expecting to get the cotton. On cross-examination he stated that the contract provided that, if held until the date of delivery, he would have to accept delivery, and that delivery of same would be made, and that both he and Moore considered the appellant as their agent in buying and closing out the contract. H. H. Cooper testified that he sold, in the fall of 1906, one hundred bales of spot cotton, and bought one hundred bales of January cotton for protection; that he never thought anything about the delivery, but was working for protection, and that there could, therefore, be no speculation in his deal. He testified further that C. P. Hunt lived and did business in Memphis, and that he did no business in Cooper. The appellant, in his own behalf, testified that he leased the telegraph service of C. P. Hunt, of Memphis, in the State of Tennessee, for fifty dollars per month, with the privilege of submitting to him contracts for cotton and produce for customers and patrons that might want to deal in them; that he was not the agent of Hunt; that Hunt had no agent; that he, appellant, did business for himself, and adopted the name of Cooper Brokerage Company as a business name; that no one was interested in the business, or had any interest in it, except himself, and he specially denied that C. P. Hunt had any interest in the business, or anything whatever to do with it. He testified further that C. P. Hunt did no business in Cooper or in the State of Texas; that he lived in Memphis, and did all his business there; that he, appellant, took no contracts, but would wire them in for customers to Hunt, and that the contracts were made in the State of Tennessee, and that he represented the customers, and not Mr. Hunt, in sending in and making the contracts. He testified further, in the most positive manner, that this contract with Moore and Anderson, and all contracts with Hunt, contemplated and required actual bona fide delivery of the cotton, and that actual delivery was contemplated and intended in the contract with Moore and Anderson, and that they would have had to accept the cotton if they had held their contract until the date of delivery.

1. In this condition of the proof, among other things, the court instructed the jury as follows: "If you believe from the evidence that the defendant, in Delta County, Texas, on or about October 12, 1906, did act as agent for C. P. Hunt, and that said C. P. Hunt was then and there doing business in the city of Cooper, State of Texas, under the firm name of the Cooper Brokerage Company; and if you further find that said defendant, acting as the agent of the said C. P. Hunt, if he did so act, did sell future contracts in cotton to one J. P. Moore and to one C. B. Anderson, with the understanding on the part of said Moore and Anderson that there should be no actual bona fide delivery of the cotton so contracted for, but that they, Moore and Anderson, considered the transaction as purely speculative, and a wager, then he would be guilty, and his punishment should be a fine of not less than

one hundred dollars and imprisonment in the county jail of not less than thirty days nor more than six months." This charge was excepted to at the time, because the same was neither warranted by the facts nor the law, and because the understanding on the part of Moore and Anderson as to the delivery of the cotton could not fix the criminal liability of the appellant, and the facts did not authorize such a charge; and because Moore and Anderson considered the transaction as purely speculative and a wager did not make it such, and did not make the appellant liable; because the charge was upon the weight of the evidence, and did not submit the converse of such issue. In this connection counsel for appellant requested the court to charge the jury as follows: "You are instructed that, if you find from the evidence that the contract entered into, as charged in this case, it was intended to, and the said C. P. Hunt required, actual bona fide delivery of the cotton bought on the date contracted for such purchase or sale, and the contracts contemplated such delivery, then, in that event, you will find the defendant not guilty." We think it clear that the charge of the court which made appellant's guilt depend upon the understanding and construction of the contract by Moore and Anderson was erroneous, in that it imputed, of necessity, a criminal purpose, and was the basis of a criminal conviction of appellant solely on the construction Moore and Anderson placed on the transaction.

2. Under the facts, it is doubtful if a conviction in any event could be sustained, but, if there was enough evidence to go to the jury, undoubtedly the court should have given in charge special instructions No. 4 and No. 5, requested by counsel for appellant. They are as follows: "You are instructed that, if you find from the evidence that future contracts in cotton were made, but they were wired in and made and consummated at Memphis, in the State of Tennessee, and not within the State of Texas, then you will find the defendant not guilty." "You are charged that, if you find from the evidence that the alleged contract in this case was wired into the Memphis Exchange (C. P. Hunt, Manager), at Memphis, in the State of Tennessee, and was there consummated; and was from there wired into the New York Exchange at New York City; and that the said contract was not consummated in the State of Texas, then you will find defendant not guilty." This is in harmony with the definite holding of this court in the case of Scales v. State, 46 Texas Crim. Rep., 296, where it was held that, in order to be guilty of the offense defined under article 377 of the Penal Code, it is required that the accused must conduct or carry on a business where future contracts are bought and sold in this State, and where the evidence shows that a defendant received offers for the sale and purchase of cotton, and conveyed these purchases to parties outside of the State of Texas, where they were accepted, and the sale or purchase was made there, one is not guilty of any violation of the law. This question was well briefed and thoroughly considered in the Scales case, *supra,* and is conclusive of the main question raised on this ap-

peal. If, under the guise of conducting a business in the manner as stated, the real transaction was a bargain and sale in Texas, this, if the jury so found, would be the basis of a conviction; but in any event, where the evidence presents the issue, as in this case, that the real sale was made outside of Texas, it would be incumbent on the court to submit the issue to the jury. It is to be noted that the transaction which furnishes the basis of this prosecution transpired in 1906, and before the passage of the Act of the Thirtieth Legislature, chapter LXXXVI, p. 172, which (see section V) is broad enough, probably, to make the act admitted an offense.

For the errors pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*